RECEIPT #
AMOUNT $ 5
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-17-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO.

Kasser Youssef Fakhri )
(A 78 411 428), )
        Petitioner )
)
v. )
)
Denis C. Riordan, Acting )
District Director, )
Bureau of Citizenship and )
Immigration Services, )
and )
John Ashcroft, U.S. Attorney )
General, )
        Respondents )

**PETITION FOR WRIT OF HABEAS CORPUS**


04cv10982RCL

MAGISTRATE JUDGE _____

Kasser Youssef Fakhri (hereinafter, Petitioner), by and through his undersigned counsel, hereby respectfully petitions this honorable court for a writ of habeas corpus to remedy his unlawful detention, and to review the Board of Immigration Appeals' dismissal of Petitioner's appeal of the Immigration Judge's decision dated August 27, 2002.

In support of this petition, Petitioner alleges as follows:

### Custody

1. Petitioner is in the custody of Bureau of Citizenship and Immigration Services

(hereinafter, BCIS) Acting District Director Denis C. Riordan.

Petitioner is under the direct control of Respondent and their agents.

**Jurisdiction and Venue**

1. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C., sec. 1101, et seq., and the Administrative Procedure Act (APA), 5 U.S.C., sec. 701, et seq.

    This court has jurisdiction under 28 U.S.C., sec. 2241(c)(1) and (3), art. I., sec. 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C., sec. 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treatises of the United States.  See Henderson v. Reno, 157 F.3d 106, 122 (2nd Cir. 1998), cert. den. sub. nom., Reno v. Navas, 119 S.Ct. 1141 (1999). This court may grant relief pursuant to 28 U.S.C., sec. 2241, the APA, the Declaratory

Judgment Act, 28 U.S.C., sec. 2201, et seq., and the All Writs Act, 28 U.S.C., sec. 1651.

2. Venue lies in the United States District Court for the District of Massachusetts, the judicial district in which the BCIS Acting District Director, Denis C. Riordan, resides. 28 U.S.C., sec. 1391(e).

### Parties

4. Petitioner is a native of Lebanon. Respondents took Petitioner into custody on or about April 28, 2004, subsequent to the dismissal of Petitioner's appeal to the Board of Immigration Appeals of a decision of the Immigration Judge dated August 27, 2002.

5. Petitioner never received notice of said dismissal of Petitioner's appeal to the Board of Immigration Appeals.

6. Said appeal to the Board of Immigration Appeals was filed by Petitioner subsequent to the entry of an order of removal against Petitioner.

7. In his decision dated August 27, 2002, the Immigration Judge denied Petitioner's request for relief from removal, in the form of Political Asylum, Withholding of Removal, and Withholding of Removal based on the Convention Against Torture.

8. Respondent, Denis C. Riordan, is the Acting District Director of the BCIS and is Petitioner's immediate custodian.

9. Respondent, John Ashcroft, is the Attorney General of the United States and is responsible for the administration of the Bureau of Citizenship and Immigration Services and the implementation and the enforcement of the Immigration and Naturalization Act. As such, he has ultimate custodial authority over Petitioner.

**Exhaustion of Remedies**

10. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action.

See Shirkhani v. Greene, 790 F.Supp. 1065 (D. Colo. 1992)(alien had no administrative remedies reasonably available when he filed his habeas corpus petition so as to preclude judicial review on decision to deny bail to alien on predeportation detention on ground of failure to exhaust administrative remedies, where INS failed to give alien notice of his right to appeal to Board of Immigration Appeals as required by federal regulations and ten-day limit for review by Board of Immigration Appeals had subsequently expired).

### Statement of Facts

11. Petitioner arrived in the United States on or about October 4, 2000.

12. Petitioner's date of birth is November 22, 1968.

13. Petitioner is not married and he has no children.

14. At a Master Hearing, Petitioner conceded proper service of a Notice to Appear for Removal Proceedings, and conceded removal.

15. Petitioner subsequently requested relief from removal, in the form of Political Asylum, Withholding of Removal, and Withholding of Removal based on the Convention Against Torture.

16. This matter was scheduled for an Individual Hearing on June 13, 2002, and later continued to August 27, 2002.

17. In a decision dated August 27, 2002, an Immigration Judge in Boston, Massachusetts denied Petitioner's requests for relief from removal in the form of Political Asylum, Withholding of Removal, and Withholding of Removal based on the Convention Against Torture.

18. Petitioner subsequently appealed the Immigration Judge's August 27, 2002 decision to the Board of Immigration Appeals on September 24, 2002.

19. Thereafter, on April 18, 2003, the Board of Immigration Appeals sent a Briefing Schedule to Petitioner's counsel, Fred Tannous, Esq.,

indicating that Petitioner had until May 12, 2003 to submit a brief in connection with this case.

20. Petitioner subsequently filed Petitioner's brief with the Board of Immigration Appeals on May 9, 2003.

21. Thereafter, Petitioner was taken into custody on or about April 28, 2004, at his home, at which time he was orally informed that the Board of Immigration Appeals had dismissed his appeal.

22. Prior to the time Petitioner was taken into custody, Petitioner did not receive any notice from the Board of Immigration Appeals indicating that his appeal of the Immigration Judge's August 27, 2002 decision was dismissed.

23. Petitioner's counsel, Fred Tannous, Esq., likewise never received any notice from the Board of Immigration Appeals indicating that Petitioner's appeal was dismissed.

24. Subsequent to Petitioner having been taken into

7

custody on or about April 28, 2004, Petitioner's counsel, Fred Tannous, Esq., telephoned the Board of Immigration Appeals to inquire as to the status of Petitioner's appeal of the Immigration Judge's August 27, 2002 decision.

25. During said telephone conversation, Petitioner's counsel, Fred Tannous, Esq., was informed by the Board of Immigration Appeals that the Board of Immigration Appeals had mailed its decision dismissing Petitioner's appeal to Petitioner's counsel, Fred Tannous, Esq., via first-class mail on March 26, 2004.

26. Petitioner's counsel, Fred Tannous, Esq., is still not in receipt of the Board of Immigration Appeals' March 26, 2004 decision dismissing Petitioner's appeal.

27. Petitioner contends that the dismissal of Petitioner's appeal by the Board of Immigration Appeals was improper, since Petitioner had not received proper notice of said dismissal of said appeal.

27. Petitioner therefore likewise contends that the taking into custody of Petitioner on or about April 28, 2004 was improper, since Petitioner reasonably believed that Petitioner's appeal to the Board of Immigration Appeals was still pending.

## Legal Background

28. As illustrated above, Petitioner is in custody as a result of his appeal having been improperly dismissed by the Board of Immigration Appeals.

29. As a person residing in the United States, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to its citizens.
Said protection includes the Due Process Clause of the Fifth Amendment, which provides, in pertinent part, that "no person shall be...deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

30. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

   This vital liberty interest is at stake when an individual is subject to detention by the BCIS. St. John v. McElroy, 917 F.Supp. 243, 250 (S.D.N.Y. 1996); Doherty v. Thornburgh, 943 F.2d 204, 208 (2nd Cir. 1991)(even aliens unlawfully present in the U.S. have a "substantive due process right to liberty during deportation proceedings").

31. Substantive due process requires that detention authorized for non-punitive purposes not be "excessive in relation to the regulatory goal Congress sought to achieve." United States v. Salerno, 481 U.S. 739, 747 (1987).

32. The Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation

of liberty occurs. Matthews v. Eldridge, 424 U.S. 319, 334 (1976).

### FIRST CLAIM FOR RELIEF
### (Common Law Claim)

33. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32 as if set forth fully herein.

34. The BCIS is illegally detaining Petitioner, since the Board of Immigration Appeals improperly dismissed Petitioner's appeal of the Immigration Judge's August 27, 2002 decision.

### SECOND CLAIM FOR RELIEF
### (Due Process Violation)

35. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 as if set forth fully herein.

36. The BCIS has violated Petitioner's right to substantive and procedural due process by requiring his mandatory detention in this case.

See <u>U.S. ex rel. Kopetka v. Young</u>, 310 F.Supp. 1001 (D.C. Minn. 1970)(federal court, in which state prisoner has brought habeas corpus proceeding, will intervene <u>if there is substantial and real denial of due process, such as lack of notice</u> or chance to present evidence, or other similar constitutional ground)(emphasis added); <u>See, also, Nakaranurack v. U.S.</u>, 68 F.3d 290 (9th Cir. 1995)(in determining whether resident alien facing deportation order was entitled to habeas relief, Court of Appeals would not impute negligence on part of alien's attorney when there was no evidence before court that attorney received timely notice of Board of Immigration Appeals' decision).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this honorable court grant the following relief:

(1) Grant the writ of habeas corpus;

(2) Issue an order enjoining Respondents from continuing to detain Petitioner and order Respondents to conduct a prompt custody hearing;

(3) Declare that, by detaining Petitioner, Respondents have violated the Fifth Amendment of the United States Constitution, and that aliens who like Petitioner pose neither a danger to society nor a risk of flight are entitled to a prompt, individualized bond hearing;

(4) Declare that the Board of Immigration Appeals improperly denied Petitioner's appeal, and issue an Order compelling the Board of Immigration Appeals to allow Petitioner's appeal to go forward;

(5) Award to Petitioner reasonable costs and attorneys' fees; and

(6) Grant any other relief that this honorable court deems just and proper.

Dated: 5/17/04

Respectfully Submitted,
Kasser Youssef Fakhri,
Petitioner,
By his attorney,

_____
Fred Tannous, Esq.
BBO#: 638056
Tannous & Associates, P.C.
20 Park Plaza, Suite 420
Boston, MA 02116
(617) 948-2575

13