UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO.

| | |
|---|---|
| Kasser Youssef Fakhri (A 78 411 428),<br>    Petitioner<br><br>v.<br><br>Denis C. Riordan, Acting District Director, Bureau of Citizenship and Immigration Services, and<br>John Ashcroft, U.S. Attorney General,<br>    Respondents | **PETITIONER'S EMERGENCY MOTION FOR STAY OF REMOVAL** |

    Kasser Youssef Fakhri (hereinafter, Petitioner), through undersigned counsel, respectfully moves for an emergency order staying his removal, pending final adjudication of Petitioner's Petition For Writ of Habeas Corpus, a copy of which is attached hereto as Exhibit A. (See attached Exhibit A: Petitioner's Petition for Writ of Habeas Corpus).

    In support of the instant motion, Petitioner asserts that Petitioner has been advised of his impending removal, and that Petitioner's Petition For Writ of Habeas Corpus is non-frivolous. See Biancada v. Turnage, 883 F.2d 836 (9th

Cir. 1989)(where a stay is sought to permit petitioner to seek judicial review of a claim that is non-frivolous, the stay should be granted); See, also, Anderson v. McElroy, 953 F.2d 803 (2nd Cir. 1992)(Board of Immigration Appeals abused its discretion in denying request for stay where stay was sought to reopen Board of Immigration Appeals proceedings); Butros v. INS, 804 F.Supp. 1336 (D.Ore. 1991).

In further support of this motion, Petitioner asserts that the United States District Court has jurisdiction to allow Petitioner's instant Emergency Motion for Stay of Removal, since this Court has habeas jurisdiction in this matter. See Kurzban's Immigration Law Sourcebook, 8th Ed. (American Immigration Law Foundation 2002-03), p.284, citing Wallace v. Reno, 194 F.3d 279 (1st Cir. 1999)("the INS takes the view that INA, sec. 242(g), 8 U.S.C., sec. 1252(g), as interpreted by Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 119 S.Ct. 936 (1999), bars any action in federal court to stay the deportation/removal of a noncitizen. (citations omitted) However, where the [federal] court has habeas jurisdiction to review deportability, its ancillary jurisdiction to stay deportation pending that review is not barred by INA, sec. 242(g), or American-Arab [,][supra].")(emphasis added);

See, also, Barefoot v. Estelle, 697 F.2d 593 (5th Cir. 1983)(it is responsibility of Court of Appeals to decide merits of motion for stay of execution pending processing of habeas appeal); See, also, Remeta v. Stovall, 998 F.Supp. 1207 (D.Kan. 1998)(when district court receives motion for stay of execution in petitioner's first federal habeas corpus case, if court cannot dismiss habeas petition on merits before scheduled execution, it is obligated to address merits and issue stay to prevent case from becoming moot)(emphasis added).

Thus, for the foregoing reasons, Petitioner respectfully requests that this honorable court allow Petitioner's instant Emergency Motion for Stay of Removal pending final adjudication of Petitioner's Petition For Writ of Habeas Corpus.

Dated: 5/17/04

Respectfully Submitted,
Kasser Youssef Fakhri,
Petitioner,
By his attorney,

_____
Fred Tannous, Esq.
BBO#: 638056
Tannous & Associates
20 Park Plaza, Suite 420
Boston, MA  02116
(617) 948-2575

3